UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| LA'SHAUN CLARK, |
| Plaintiff, |
| -against- |
| NEW YORK CITY HOUSING AUTHORITY; NEW YORK INSULATION & ENVIRONMENTAL SERVICES, INC.; JLC ENVIRONMENTAL CONSULTANTS, INC; ROCKMILLS STEEL PRODUCTS CORP., |
| Defendants. |

20-CV-251 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff La'Shaun Clark, appearing *pro se*, resides in Georgia. He brings this action under the Court's diversity jurisdiction, alleging that he suffered adverse health effects from exposure to asbestos in a New York City Housing Authority (NYCHA) apartment in the Bronx. By order dated January 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants NYCHA; New York Insulation & Environmental Services, Inc.; JLC Environmental Consultants, Inc.; and Rockmills Steel Products Corp. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for NYCHA; New York Insulation & Environmental Services, Inc.; JLC Environmental Consultants, Inc.; and Rockmills Steel Products Corp. and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: 1/27/20
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. New York City Housing Authority
   250 Broadway, 9th Floor
   New York, N.Y. 10007

2. New York Insulation & Environmental Services, Inc.
   31-09 30th Avenue
   Astoria, N.Y. 11102

3. JLC Environmental Consultants, Inc.
   243 West 30th Street
   New York, N.Y. 10001

4. Rockmill Steel Products, Inc.
   59-12 54th Street
   Maspeth, N.Y. 11378