UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LA'SHAUN CLARK,                                       :

                                                      :
                    Plaintiff,                        ORDER
                                                      :
         -v.-                                         20 Civ. 251 (PAE) (GWG)
                                                      :
NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION &                                 :
ENVIRONMENTAL SERVICES, INC.; JLC
ENVIRONMENTAL CONSULTANTS, INC;                       :
ROCKMILLS STEEL PRODUCTS CORP.,
                                                      :

                    Defendants.                       :
---------------------------------------------------------------x

**Gabriel W. Gorenstein, United States Magistrate Judge**

     Plaintiff's recent filings raise two issues: a discovery dispute with defendant New York City Housing Authority ("NYCHA"), and service of process on defendants New York Insulation & Environmental Services, Inc. and Rockmills Steel Products Corp. We address each issue separately.[1]

Discovery

     On June 9, 2020, plaintiff filed a letter asking the Court to take action because NYCHA "fail[ed] to make disclosures and to cooperate in discovery" (Docket # 52). Specifically, the plaintiff noted that the Court's Order of April 30, 2020 (Docket # 37) required all requests for documents and interrogatories to be sent to the opposing party by May 8, 2020, and that as of June 8, 2020, she had "not received any of the documents requested nor have any of the interrogatory questions have [sic] been answered in my discovery demands" (Docket # 52). She also specifically sought insurance policies and contracts for the job done on "the floor tiles in February of 2004 at 1100 Teller Avenue Apt. #1H Bronx, New York 10456" and for the Court to order sanctions against NYCHA "for not cooperating in discovery" (Docket # 52).[2] By Order

---

[1] We note that one of plaintiff's letters seeks a settlement conference (Docket # 60). The Court already addressed this issue in its order of April 30, 2020 (Docket # 37) ¶ 1.

[2] Plaintiff also asked that we "redact [her] name and address on letters sent to the court" (Docket # 52). Because she has consented to receive service electronically, plaintiff is free to omit her address in future letters to the Court. Additionally, the Clerk is directed to remove her street address from the docket sheet.

1

dated June 15, 2020, the Court directed NYCHA to respond to plaintiff's letter by June 17, 2020 (Docket # 54).

On June 15, 2020, NYCHA filed responses to plaintiff's discovery requests (Docket # 55), which had been served on April 8, 2020 (Docket # 30). The next day, plaintiff filed a letter addressing NYCHA's responses (Docket # 56). On June 19, 2020, NYCHA filed a letter responding to Docket # 52 (Docket # 58). On June 22, 2020, plaintiff filed another letter asking NYCHA to "fully cooperate in Discovery and that NYCHA consider a settlement conference" (Docket # 60). That same day NYCHA filed a letter that addressed Docket # 56 (Docket # 61). Plaintiff then filed another letter dated June 22, 2020, that asserted that Docket # 56 was "redundant and replicable to all other prior responses made except now Attorney Michael Sena is . . . stating the Long Island City office is open" (Docket # 62). Plaintiff again accused NYCHA of "not cooperating and lying to the court to deny me discovery," adding that NYCHA "should be sanctioned according to the law and as the court may find appropriate for FRCP 37" (Docket # 62). On June 29, 2020, plaintiff also filed a letter which she stated "is just notice of Exhibits I'm filing from the NYC Department of Environmental Protection" (Docket # 64).

We note that plaintiff's application to the Court is in violation of the Court' Individual Practices (available at: https://www.nysd.uscourts.gov/hon-gabriel-w-gorenstein) in that there is no statement that she conferred by telephone or in person to discuss the issues raised as is required by paragraph 2.A of the Court's Individual Practices. On the other hand, plaintiff has alleged that she tried to raise the discovery dispute with NYCHA's counsel, Michael Sena, by e-mail and that Sena did not respond (Docket # 52). Sena does not directly address this assertion in his responses to plaintiff's letters. The Court reminds the parties that, in the future, if there is a discovery dispute that cannot be resolved through written exchanges, a party must confer with the opposing party in person or by telephone before bringing the dispute to the Court's attention. Any party receiving such a request must promptly respond and cooperate in arranging such a telephonic or in-person conference.

On the issue of lateness, plaintiff is correct that NYCHA filed a late response to her requests — an issue that NYCHA does not directly address. See Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A) (generally requiring responses to discovery requests within 30 days of service). NYCHA has now responded, however, and we accept its explanation that the documents at issue (apart from the insurance documents) are located in a facility that has only recently become available for searching. The Court will grant NYCHA an additional 30 days to produce those documents. Thus, they shall be produced by August 6, 2020.

It is not clear that there is any other dispute other than the request for the insurance policy.[3] Fed. R. Civ. P. 26(a)(1)(A)(iv) specifically requires a defendant to produce to plaintiff

---

[3] Plaintiff seems to take issue with NYCHA seeking discovery from another party in this case (see Docket # 62). Because this does not affect plaintiff's discovery demands, we do not address it. Plaintiff also takes issue with NYCHA's resistance to requesting contracts on her behalf from the New York City Department of Buildings (see Docket # 60). Plaintiff has not shown, however, that NYCHA has "possession, custody, or control" over Department of Buildings documents. Fed. R. Civ. P. 34(a)(1).

any insurance policy "under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." NYCHA shall comply with this obligation by August 6, 2020.

NYCHA also does not directly address plaintiff's request for sanctions (Docket ## 52, 60, 62). Given that the Court accepts NYCHA's explanation that it did not have access to the necessary documents until recently, NYCHA's only failing was the late filing of its discovery responses. The Court does not find that sanctions are appropriate for this conduct.

Service

The Court is in receipt of plaintiff's letters of June 22, 2020, and June 25, 2020, regarding service on some defendants (Docket ## 59, 63).

On February 28, 2020, the Court issued an Order of Service that directed service on defendants New York Insulation & Environmental Services, Inc. and Rockmills Steel Products Corp. at two addresses each (Docket # 13). On March 3, 2020, the Clerk delivered a service package to the U.S. Marshals Service ("USMS"). A clerk to the undersigned has learned that the USMS then attempted service by mailing waiver of service forms to these defendants at the four addresses requested by plaintiff and as directed in the Court's Order. One of the mailings was returned as undeliverable as reflected in the April 27, 2020, filing on the docket sheet (Docket # 36) (service to New York Insulation & Environmental Services, Inc. at 31-19 30th Ave., Astoria N.Y. 11102). The mailings to the other three addresses by USMS were never returned in any form. The USMS informed the clerk that in these circumstances the USMS would normally next attempt personal service at the other three addresses. However, due to the current COVID-19 pandemic, and pursuant to Standing Order 20-MC-153, the requirement that USMS effect personal service of process has been suspended indefinitely. Thus, it cannot be determined when the USMS will attempt service at the remaining three addresses supplied.

Plaintiff seeks a summons for the purpose of effectuating service herself as to one of these addresses (Docket # 63). The Court is prepared to allow plaintiff to attempt service if she wishes. However, if plaintiff chooses to do so, <u>the Court will no longer require the USMS to effectuate service on any address and plaintiff alone will be responsible for serving the remaining defendants, whether or not she is able to do so</u>. If plaintiff wishes to waive her right to have the USMS attempt service, she must file a new letter that seeks one or more summonses and includes the following sentence verbatim: "I am giving up my right to have the U.S. Marshals Service effectuate service in this matter on any defendant at any time." If a letter complying with this order is not filed, the Court will not issue a summons and the USMS will proceed to attempt to effectuate service in its normal course of business.

Conclusion

The issues raised by plaintiff are resolved as set forth above. Defendants shall make the document production required by this Order on or before August 6, 2020. Additionally, the Clerk is requested to remove plaintiff's street address from the docket sheet. The email address should remain.

So Ordered.

Dated: July 6, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge