# HERZFELD + RUBIN
## PC

125 BROAD STREET
NEW YORK, NY 10004
TEL (212) 471-8500  FAX (212) 344-3333
WWW.HERZFELD-RUBIN.COM

August 14, 2020

**Michael B. Sena**, Esq.
Direct Line (212) 471-8527
Msena@herzfeld-rubin.com

## MEMORANDUM ENDORSEMENT

**VIA ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    La'Shaun Clark v. NYCHA, et al.
            Case No.:    20-cv-251

Dear Judge Gorenstein,

      We represent defendant New York City Housing Authority ("NYCHA") in the above-named matter. We write this letter to request that the Court order the plaintiff to appear for her remote deposition for a full seven hours in duration in accordance with F.R.C.P. 30(d)(1).

      We have had several communications with Ms. Clark about setting up her deposition and the depositions of her two children (Zavion age 18) and Zevin (age 14), who have both been identified as potential witnesses. We have agreed that all depositions will be conducted remotely with plaintiff and her children present in their home. Plaintiff advised that neither she nor her two children were available in August and, as an accommodation, we agreed to schedule those depositions in early September. However, claiming medical issues, plaintiff has been adamant that she will only appear for one two-hour session. We submit that plaintiff's unilateral restriction will unduly prejudice NYCHA in the defense of this case.

      NYCHA is entitled to a thorough deposition of Ms. Clark to explore, among other things: 1) the alleged condition of plaintiff's apartment; 2) plaintiff's occupancy in the apartment; 3) any repairs conducted in the apartment; 4) plaintiff's prior medical condition and treatment as relevant to her alleged present condition; and 5) any treatment she received for her alleged asbestos exposure. There is no way that these critical issues could reasonably, let alone thoroughly, be explored over one two-hour period. Pursuant to Rule 30(d)(1), we agree to limit the duration of plaintiff's deposition to seven hours, exclusive of breaks. We have offered to conduct that deposition over a three-day period to accommodate any alleged health concerns plaintiff may have, but she has refused that proposal. See, *Manigaulte v. C.W. Post of Long Island*, 2012 U.S. Dist. LEXIS 10940 (E.D.N.Y. Feb. 1. 2012). Accordingly, we respectfully request that the Court order the plaintiff to appear for a seven-hour deposition, exclusive of breaks.

AFFILIATES

LIVINGSTON, NEW JERSEY      BUCHAREST, ROMANIA      LOS ANGELES, CALIFORNIA

# HERZFELD + RUBIN PC

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
August 14, 2020
Page 2

    For the record, I have been actively involved in asbestos litigation for over 25+ years and have unfortunately conducted depositions of witnesses in hospitals and with terminal conditions. Consequently, I am very sensitive of plaintiffs who are in an impaired medical condition. While we will certainly conduct plaintiff's deposition with due respect and consideration for any alleged condition she may have, our client is nevertheless entitled to prepare an adequate defense and needs a full and fulsome deposition to prepare that defense.

    Respectfully submitted,

/s/ *Michael B. Sena*
Michael B. Sena, Esq.

MBS:br

cc:   Ms. La'Shaun Clark (via email)
      Mickey Schneider, Esq. (via email)

**In a previous order (Docket # 75), the Court adjourned the discovery deadline without date until the status of the participation of the remaining defendants was determined. The order also stated that "[b]ecause the deposition of a party should be conducted only once, no depositions shall take place until after the new defendants have appeared in the case or it has become clear that they will default." Id. Thus, defendant should not be attempting to schedule depositions now. If there remains a dispute in the future, any new application may be made after consulting with all parties. Also, any such application must comply with paragraph 2.A of the Court's Individual Practices.**

**So Ordered.**

_/s/ Gabriel W. Gorenstein_
GABRIEL W. GORENSTEIN
United States Magistrate Judge
**August 14, 2020**