UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LA'SHAUN CLARK,                                            :
                                                           :
                  Plaintiff,          :        ORDER
                                                           :
         -v.-                                     :        20 Civ. 251 (PAE) (GWG)
                                                           :
NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, INC.; JLC          :
ENVIRONMENTAL CONSULTANTS, INC;
ROCKMILLS STEEL PRODUCTS CORP.,            :
                                                           :
                  Defendants.         :
----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The Court is in receipt of a letter from defendant New York City Housing Authority ("NYCHA") dated September 2, 2020, notifying the Court that service was made on defendant New York Insulation & Environmental Services ("NYIES") via the New York Secretary of State on August 28, 2020.  Docket # 102.[1]  While the Court recognizes that such service is legally sufficient to effectuate service under Fed. R. Civ. P. 4, as a practical matter it often occurs that a corporation registered with the New York Secretary of State fails to maintain an up-to-date address to which process can be forwarded.

      The Court notes that the Department of State, Division of Corporations, Corporation and Business Entity Database, https://www.dos.ny.gov/corps/bus_entity_search.html, shows that NYIES' address — 31-19 30th Ave, Astoria, New York, 11102 — is shared with another corporation, "New York Insulation, Inc." ("NYI").  Given the shared addresses and similarity of names, it appears that NYIES and NYI are related corporate entities. NYI maintains a website, https://nyinsulates.com/, which lists a different address from that maintained by the Department of State: 58-48 59th St, Maspeth, NY 11378.  This suggests the possibility that process sent to the Department of State may not have been forwarded to the correct address.  The NYI website also lists an email address at which to contact NYI (info@nyinsulates.com).  Thus, to ensure that discovery in this matter can be conducted in an orderly manner, and in order to minimize the

---

[1] The letter does not specify what document was served.  Docket # 101 refers only to service of the "Complaint," which is not a document filed by NYCHA.  The Court notes that NYCHA did attempt to file an Answer that contains cross-claims against NYIES (Docket #82) but this document was rejected by the ECF system.  See docket entry of August 5, 2020.

possibility that a default judgment issued by this court may be subject to vacatur due to lack of actual notice, the Court orders defendant NYCHA to do the following:

    1) mail a copy of this Order, along with the appropriate pleading(s) and associated summons(es) to NYIES at Attn: President, 58-48 59th St, Maspeth, NY 11378.

    2) email a copy of this order, along with the appropriate pleading(s) and associated summons(es) to NYIES at info@nyinsulates.com.

    3) file a letter with this Court on or before October 30 indicating its compliance with this Order.

    While it is not ordering NYCHA to do so, the Court strongly suggests that NYCHA call the number listed on NYI's website in an effort to confirm receipt of the documents with an appropriate individual at NYI.

    The Court is aware that Clark has already obtained a certificate of default against NYIES. Clark obtained the certificate based on an affidavit of service asserting that NYIES was served at the 58-48 59th St, Maspeth address on July 13, 2020 (Docket # 70, filed July 15, 2020). However, it has not been definitively established that the "Warehouse Manager" identified in that affidavit as accepting service was authorized to accept service on NYIES' behalf. In light of this Order, and the possibility that NYIES may imminently appear and have a basis to seek vacatur of the certificate of default, Clark's request for permission to file a default judgment (Docket # 109) is denied without prejudice to renewal in 30 days.

    Finally, this Order should not be construed as extending the time for NYIES to answer any pleading if in fact NYIES was properly served. If NYIES was properly served, it may obtain an extension, if at all, only by making an application under Fed. R. Civ. P. 6(b).

    So Ordered.

Dated: October 21, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge