UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LA'SHAUN CLARK,                                    :

                                                   :

                    Plaintiff,                     :          ORDER

                                                   :

          -v.-                                     :          20 Civ. 251 (PAE) (GWG)

                                                   :

NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION &                              :
ENVIRONMENTAL SERVICES, INC.; JLC
ENVIRONMENTAL CONSULTANTS, INC;                    :
ROCKMILLS STEEL PRODUCTS CORP.,

                                                   :

                    Defendants.                    :
---------------------------------------------------------------x
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff La'Shaun Clark seeks sanctions against defendants New York City Housing
Authority ("NYCHA") and JLC Environmental Consultants, Inc. ("JLC") for spoliation of
documents.  On September 14, 2020, Clark filed a letter asking the Court to sanction NYCHA
and JLC based on her claim that the documents produced by NYCHA have been altered, and that
opposing counsel for both defendants have colluded in their alteration.  Docket # 103, at 2, 8.
Specifically, Clark claimed that "[t]here is definitely something not completely authentic about
these documents leading me to suspect spoliation of documents," pointing to alleged
discrepancies between various produced documents.  Id. at 2.  She also notes the delay between
the disclosure of the report requested and prior document production, arguing that the delay
occurred in order "to buy [opposing counsel] time to alter the most recent production of
documents[.]"  Id. at 1.  Clark contended that she had attempted to confer with opposing counsel
on this matter by sending emails on September 9, 11, and 12, but had received no response.  Id.
at 8.

        In a follow-up letter filed the same day, Clark included an email sent to her by JLC's
counsel that day (Docket # 104).  JLC's counsel was responding to Clark's prior inquiry about
yet-to-be produced documents.  He informed her that he was available for a phone call and that
"my clients have been scouring all possible locations" for the documents but the documents may
have been lost due to either "a 2010 data loss" or Hurricane Sandy's effects.  Docket # 104, at 2.
Clark asserted that JLC's email was "proof" that it was committing spoliation.  Id. at 1.  Clark
also included an email sent to her from NYCHA's counsel that day, which invited her to
compare the produced documents "to any that JLC produces . . . if you believe that there is an
issue regarding their authenticity."  Id. at 3.

1

NYCHA responded to Clark's initial letter the next day, September 15, 2020, denying any "spoliation or alteration of any NYCHA records in this case." Docket # 105, at 1. NYCHA stated that the records Clark had identified as altered were "not generated by NYCHA, but rather copies of documents furnished by the contractors to NYCHA regarding the subject work." Id. at 2.

In response, Clark filed another letter disputing NYCHA's characterization of the documents and now asserting that "[s]poliation was done by NYCHA themselves" — an assertion that was based on an email between NYCHA's counsel in this case and NYCHA's in-house counsel concerning this matter. Docket # 106, at 1.

By letter filed on September 17, 2020, NYCHA responded, again stating that "[a]ll of the documents referenced by the plaintiff were generated by the two contractors retained for this abatement project" and arguing that Clark had produced "no evidence of alleged spoliation, merely plaintiff's unfounded accusations that something seems suspicious to her." Docket # 107. NYCHA also requested that Clark return unread a "privileged communication to NYCHA's in-house counsel [that] may have been inadvertently forwarded to plaintiff." Id.

Clark responded by letter the same day. Docket # 108. Clark argued that NYCHA's request that the email be returned unread was "further proof of what I am saying" and shows "they have something to hide" because "the email was talking about documents which triggers a suspicion of spoliation." Id. at 1. She found the four-day lag between receiving the documents and sending them to Clark suspicious. Id.

JLC responded to Clark's original two letters (Docket # 103 and # 104) on October 15, 2020. Docket # 111. JLC stated that "there has been no coordination whatsoever between myself as counsel for JLC and counsel for [NYCHA] concerning document production." Id. at 1. JLC denied any "purposeful destruction of evidence," but noted that "the file for this project was lost in a flood related to Super Storm Sandy." Id. at 1-2. JLC stated that the earlier statement it had made referring to a "2010 data loss" "was simply [counsel's] own misunderstanding of the initial search by my clients . . . ." Id. at 1. JLC attached an affidavit from Jennifer Carey, the "Principal Owner" of JLC, attesting to these facts. Id. at 3-5.

Clark replied to JLC's letter later that day, accusing JLC's counsel of "blatantly lying" and arguing that JLC's admission of its file being destroyed by Hurricane Sandy was "irrefutably spoliation." Docket # 112, at 1. Clark also stated that NYCHA's alleged failure to produce certain documents was also spoliation, id. at 2, and she reiterated her demand for an adverse inference sanction against both JLC and NYCHA. Id. NYCHA responded a day later (Docket # 113), again objecting to Clark's "unfounded accusations" and stating that it had "complied with its discovery obligations." Docket # 113, at 1. In its letter, NYCHA asked this Court to lift the stay on deposition discovery it had imposed on July 23, 2020 (Docket # 75). Id. Clark replied the same day, reiterating that she believed NYCHA had failed to produce relevant documents and asking for sanctions. Docket # 114, at 1.

We address the issues of spoliation and the lifting of the stay on depositions separately.

2

Spoliation

The Court notes that Clark's application did not comply with paragraph 2.A of the Court's individual practices, which states that "[n]o application relating to discovery . . . shall be heard unless the moving party has first conferred in good faith <u>by telephone or in person</u> with all other relevant parties."   Nonetheless, the Court will consider the motion given Clark's representation that opposing counsel failed to respond to her attempts to confer within the time period required by this Court's individual practices.   Docket # 103 at 8.   The Court again reminds the parties that "in the future, if there is a discovery dispute that cannot be resolved through written exchanges, a party must confer with the opposing party in person or by telephone before bringing the dispute to the Court's attention.   Any party receiving such a request must promptly respond and cooperate in arranging such a telephonic or in-person conference."   Order, filed July 6, 2020. at 2 (Docket # 66).

"Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."   <u>In re Terrorist Bombings of U.S. Embassies in E. Afr.</u>, 552 F.3d 93, 148 (2d Cir. 2008) (internal citation and quotation marks omitted).   A party seeking sanctions for spoliation has the burden of establishing the elements of a spoliation claim.   <u>See</u> <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted).   These elements are "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence was] destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."   <u>Chin v. Port Auth. of N.Y. & N.J.</u>, 685 F.3d 135, 162 (2d Cir. 2012) (internal citation and quotation marks omitted).

Clark's motion for sanctions against NYCHA fails not because of a missing element, but because she has not met the threshold requirement to seek sanctions: that is, demonstrating that any evidence was altered or destroyed by NYCHA in the first place.   <u>See</u> <u>Leidig v. Buzzfeed, Inc.</u>, 2017 WL 6512353, at *7 (S.D.N.Y. Dec. 19, 2017) ("As a threshold matter, we note that spoliation sanctions can be imposed only when the party seeking such sanctions demonstrates that relevant evidence has been lost.) (citations and internal quotation marks omitted).   Clark has offered no evidence — or even a reasonable inference — that any of the documents were in fact spoliated by NYCHA.   Instead, she points to delays in document production and alleged internal inconsistencies within the documents produced to infer that alteration has occurred.   Docket # 103, at 1-3.   The Court has reviewed the alleged discrepancies and finds nothing to support the claim of spoliation.   Nor does the four-day delay she cites suggest spoliation.   Thus, the threshold requirement of a spoliation claim has not been met.

Moreover, even if Clark had shown alterations in the documents, Clark has not established how the alleged alterations are "relevant" to any claim she makes against any defendant.   <u>Chin</u>, 685 F.3d at 162.   Additionally, there has been no showing of a "culpable state of mind" given that Clark's only evidence is that defendants produced documents on different

3

dates and NYCHA's explanation that different searches were conducted on those dates.  Docket # 105, at 1.[1]

Finally, NYCHA's request that its inadvertently disclosed email to Clark be returned unread to its counsel does not demonstrate that it has "something to hide," but is a routine request by any attorney who has produced privileged material.  Docket # 108, at 1; see, e.g., Local 851 of Int'l Bhd. of Teamsters v. Kuehne & Nagel Air Freight, Inc., 36 F. Supp. 2d 127, 129 (E.D.N.Y. 1998) (defendant seeking return of inadvertently disclosed and allegedly privileged document). [2]

As to JLC, it admits that relevant documents were destroyed in a flood (Docket # 111, at 2) and thus the threshold showing has been met.  Sanctions are not warranted, however, because Clark has not shown either that JLC "had an obligation to preserve [the evidence] at the time it was destroyed," or that the evidence was destroyed "with a culpable state of mind."  Chin, 685 F.3d at 162 (internal citation and quotation marks omitted).  As this Court has previously noted, "the duty to preserve evidence arises 'most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.'"  Tchatat v. O'Hara, 249 F. Supp. 3d 701, 708 (S.D.N.Y. 2017), aff'd sub nom. Tchatat v. City of New York, 795 F. App'x 34 (2d Cir. 2019) (quoting Kronisch v. United States, 150 F.3d 112, 126-27 (2d Cir. 1998)).  When the evidence was destroyed, in 2012, no suit had been filed against JLC with regards to this matter, nor has plaintiff shown that JLC should have known that she would file a suit.  Thus, the first element of spoliation is not met.

Even if this Court found that the first element had been satisfied, Clark has produced no evidence showing that the second element — a "culpable state of mind" — is present here.  Chin, 685 F.3d at 162.  This element is satisfied "by a showing that the evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or negligently."  Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2d Cir. 2002) (internal citation and quotation marks omitted).  Here, Clark has submitted no evidence that the destruction of documents was knowing or negligent, and JLC's counsel has submitted a sworn affidavit attesting to the fact that the evidence was destroyed by a natural disaster.  Docket # 111, at 4.  Thus, the second element of spoliation is not met either.

In sum, Clark's motion for spoliations sanctions is denied.

Deposition Stay

In its reply to Clark's letter dated October 15, 2020 (Docket # 112), NYCHA requested that the stay on discovery issued by this Court in Docket # 75 be lifted.  Docket # 113 at 1.  The

---

[1]  Clark's argument that NYCHA has failed to produce relevant documents (Docket # 114, at 1) is not a claim of spoliation and thus we do not address it.

[2]  As to NYCHA"s request that the document be "return[ed]" (Docket # 107), we do not address this request inasmuch as it is not clear that NYCHA has complied with Fed. R. Civ. P. 26(b)(5)(B).

Court declines to lift that stay at this time, in light of the order issued at Docket # 116 directing further attempts to serve the defendant New York Insulation & Environmental Services, Inc. Because a new party may yet join the case, it would be wasteful to conduct depositions now that might need to be repeated.  Defendants are free to renew their application to lift the stay after a reasonable time has passed without an appearance by New York Insulation & Environmental Services, Inc.

      So Ordered.

Dated: October 21, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge