UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LA'SHAUN CLARK,<br><br>                              Plaintiff,<br>               -v-<br><br>NEW YORK CITY HOUSING AUTHORITY,<br>NEW YORK INSULATION & ENVIRONMENTAL<br>SERVICES, INC., JLC ENVIRONMENTAL<br>CONSULTANTS, INC., and ROCKMILLS<br>STEEL PRODUCTS CORP.,<br><br>                              Defendants. | 20 Civ. 251 (PAE) (GWG)<br><br>OPINION &<br>ORDER |

PAUL A. ENGELMAYER, District Judge:

Currently pending is a motion for judgment on the pleadings filed by defendant New York City Housing Authority ("NYCHA"), seeking dismissal of *pro se* plaintiff La'Shaun Clark's claim as barred by the doctrine of collateral estoppel. *See* Dkts. 39–42. Clark alleges that, while living in an NYCHA apartment, she was exposed to asbestos particles that NYCHA failed to abate or notify her of, causing her personal injuries. NYCHA has moved to dismiss her claims as precluded by an earlier state-court decision, which granted summary judgment against Clark in a similar lawsuit against NYCHA concerning the presence of mold, asbestos, and lead in her apartment. Dkt. 40 at 2–3.

Before the Court is the December 22, 2020 Report and Recommendation of the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, recommending that the Court deny the motion on the ground that the prior state-court action did not actually or necessarily decide whether asbestos was present in Clark's apartment at any relevant times. Dkt. 137 ("Report") at 9–12.

The Court incorporates by reference the thorough summary of the facts provided in the Report. For the reasons that follow, the Court adopts its recommendation in full and denies NYCHA's motion for judgment on the pleadings.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's perceptive and well-reasoned Report does not reveal any facial error in its conclusions; the Report is therefore adopted in its entirety.

Because the Report explicitly states that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," Report at 13, the parties' failure to object operates as a waiver of appellate review. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court denies NYCHA's motion for judgment on the pleadings.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 39.

The Court also respectfully directs the Clerk to mail a copy of this decision to plaintiff.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 12, 2021
       New York, New York