UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LA'SHAUN CLARK,

                            :         <u>MEMORANDUM OPINION</u>

                Plaintiff,

                            :         20 Civ. 251 (PAE) (GWG)

       -v.-

                            :

NEW YORK CITY HOUSING AUTHORITY,   :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC        :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP..    :

             Defendants.       :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court is Plaintiff La'Shaun Clark's motion to file a "supplemental complaint."[1] Clark's pleading seeks to add allegations against defendant New York City Housing Authority ("NYCHA") asserting that NYCHA caused personal injuries to her through the use of the "causative toxic substance" of crystalline silica quartz ("quartz") in her former apartment. Proposed Supplemental Complaint at 1, annexed as Exhibit 1 to Pl. Motion ("Prop. Compl."). We construe this pleading as seeking to add claims that NYCHA has caused her injuries by fraudulently concealing the presence of quartz and asbestos, as their presence was not mentioned in the lease she signed for her apartment. Id. NYCHA's opposition seeks to bar the proposed filing.

      While Clark characterizes her motion as seeking to file a "supplemental complaint," the rule governing "supplemental" pleadings, Fed. R. Civ. P. 15(d), applies only to motions that seek to add a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Clark, however, states that her proposed supplemental complaint "relates to the original Complaint occurrence dates of 2/10/04 & 2/11/04 . . . ." Prop. Compl. at 1. Thus, while Clark styles her motion as a request to file a "supplemental" pleading, the Court treats her request as one seeking to amend her original complaint under Rule 15(a). Under Rule 15(a), a court must "freely" give leave to amend, Fed. R. Civ. P. 15(a)(2), which normally involves an

---

[1] <u>See</u> Letter Motion Seeking Permission to File Supplemental Complaint, filed Nov. 3, 2020 (Docket # 121) ("Pl. Motion"); Letter from La'Shaun Clark, filed Nov. 24, 2020 (Docket # 128); Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint to Allege a Claim of Fraudulent Concealment, filed Nov. 24, 2020 (Docket # 129) ("NYCHA Opp."); Affirmation in Opposition to Motion to Amend, filed Nov. 24, 2020 (Docket # 130) ("Sena Aff."); Reply to Defendant NYCHA's Memorandum of Law in Opposition, filed Nov. 25, 2020 (Docket # 131) ("Clark Reply").

analysis of the four factors articulated in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. Clark explains her delay in making this amendment by tying it to her learning of the quartz based on documents produced by NYCHA in this litigation. Prop. Compl. at 2.

In opposing plaintiff's motion, NYCHA makes no argument that Clark unduly delayed in making the motion, that she acted in bad faith, or that Clark's proposed amendment will prejudice it in any way.[2] Instead, NYCHA has opposed this proposed filing solely on futility grounds, arguing first that the proposed amendment introduces "a new theory of liability not included in plaintiff's notice of claim and the cause of action is barred by the applicable statute of limitations," and second that the claim does not satisfy Fed. R. Civ. P. 9(b)'s heightened standard for pleading fraud. NYCHA Opp. at 1-2. We treat each issue separately.

"Service of a notice of claim is a condition precedent to bringing suit against a public corporation" such as NYCHA. <u>J. H. v. New York City Health & Hosps. Corp.</u>, 169 A.D.3d 880, 882 (2d Dep't 2019) (citations omitted). The reason for this requirement "is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the [claim] and to explore the merits of the claim while information is still readily available." <u>Brown v. New York City Transit Auth.</u>, 172 A.D.2d 178, 180 (1st Dep't 1991) (citation and quotation marks omitted). Accordingly, "[t]he test of the notice's sufficiency is whether it includes information sufficient to enable the [corporation] to investigate the claim." <u>O'Brien v. City of Syracuse</u>, 54 N.Y.2d 353, 358 (1981). "Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed. . . . the nature of the claim and the theory of liability are determinative . . . ." <u>Mazzilli v. City of New York</u>, 154 A.D.2d 355, 357 (2d Dep't 1989) (citation omitted). But, "[t]he courts have not interpreted the statute to require that a claimant state a precise cause of action in haec verba in a notice of claim . . . General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones." <u>DeLeonibus v. Scognamillo</u>, 183 A.D.2d 697, 698 (2d Dep't 1992) (citation omitted).

The notice of claim must set forth "the nature of the claim" and "the time when, the place where and the manner in which the claim arose," among other things. N.Y. Gen. Mun. Law § 50-e(2). The notice of claim must be served "within ninety days after the claim arises." <u>Id.</u> § 50-e(1)(a). However, "[a]n action based upon fraud accrues for purposes of General Municipal Law § 50-e when the fraudulent act is committed or when 'the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it' (C.P.L.R. 213[8]), whichever occurs later." <u>Leonardi v. Cty. of Cayuga</u>, 103 A.D.3d 1232, 1233 (4th Dep't 2013) (citation omitted). The "reasonable diligence" standard "turns upon whether the plaintiff possessed knowledge of facts from which he could reasonably have inferred the fraud; although a plaintiff may not shut his eyes to facts which call for investigation, mere suspicion will not suffice as a ground for imputing knowledge of the fraud." <u>K & E Trading & Shipping, Inc. v. Radmar Trading Corp.</u>, 174 A.D.2d 346, 347 (1st Dep't

---

[2] NYCHA states in a footnote that Clark's discovery of her exposure to the quartz "was the result of 'online research' . . . that plaintiff could have, and indeed should have, done earlier." NYCHA Opp. at 6 n.4 (quoting Pl. Motion at 1). But that argument is made only with respect to their notice of claim defense, not based on the <u>Foman</u> factors.

1991).  "Where it does not conclusively appear that plaintiff had knowledge of facts from which the alleged fraud might be reasonably inferred, the cause of action should not be barred . . . ."  Id.

NYCHA argues that Clark had knowledge of NYCHA's alleged fraud when she filed her 2011 notice of claim, which included allegations of personal injury stemming from asbestos that Clark now alleges was concealed from her.  See Notice of Claim dated July 28, 2011, annexed as Exhibit D to Sena Aff. ("2011 Notice").[3]  That notice, which was used in connection with a prior case filed by Clark and her sons in state court, alleged that she and her sons were suffering from medical problems and that those problems "may be caused by the mold, asbestos, lead and other infestations within their apartment."  Id. at 1.  The 2011 Notice stated that Clark's injuries "occurred due to the negligence of the respondents in owning, maintaining and controlling the apartment; failing to rid the apartment of mold, lead, asbestos, fungus and other infestations," and due to other various acts of negligence.  Id. at 1-2.

Based on these statements in the 2011 Notice, NYCHA argues that "plaintiff should have discovered the fraud, at the latest, at the same time she discovered her personal injuries were caused by the latent effects of her exposure to asbestos while living in the subject apartment."  NYCHA Opp. at 6.  Since "the essential facts in plaintiff's [2011 Notice] did not put NYCHA on notice of her intent to pursue a fraudulent concealment claim for any toxic substance," NYCHA alleges that her claim is now time-barred for failure to timely file a notice of claim.  Id.  NYCHA does not argue that Clark's 2019 notice of claim (annexed as Exhibit C to Sena Aff. ("2019 Notice")) failed to put them on notice to a fraudulent concealment theory of liability, but instead argue that the notice was untimely — specifically because it was "served . . . over eight years after plaintiff discovered her latent exposure to toxins and should have discovered NYCHA's alleged fraud," and thus "was a nullity."  Id. at 8.[4]

Clark argues that in 2011 she did not know of NYCHA's fraudulent concealment, and thus could not have included such a claim.  Clark Reply at 1.  She argues that her 2019 Notice was timely and included within its text allegations that encompass her proposed supplemental complaint.  Id.  She also argues that she could not have pled a fraudulent concealment claim for the quartz in any of her prior notices, because the presence of quartz "was not discovered until the production of documents in this case . . . ."  Id. at 2.

The Court finds that the 2011 Notice conclusively establishes that Clark was aware of the presence of asbestos in her apartment, and therefore she should have discovered NYCHA's

---

[3]  While these documents are outside the four corners of Clark's pleading, this Court may properly take judicial notice of them "not to prove the truth of their contents but only to determine what the documents stated."  Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

[4]  The argument that plaintiff's discovery of her exposure to toxins occurred in 2011 rather than in 2019 as stated in the 2019 notice of claim would seem to call into question more of this suit than just the proposed amended complaint as to fraudulent concealment.  But such arguments — whether based on a statute of limitations argument or res judicata --- have never been raised by defendants and thus are not now before Court.  Rather, the only issue is whether the fraudulent concealment allegations as to asbestos and quartz are properly in this case.

alleged fraudulent concealment with regard to asbestos.  That is, Clark in 2011 "possessed knowledge of facts from which [she] could reasonably have inferred the fraud." K & E Trading & Shipping, 174 A.D.2d at 347; see also O'Brien v. Cty. of Nassau, 164 A.D.3d 684, 687 (2d Dep't 2018) (fraudulent concealment asbestos claim began running when plaintiff became aware of presence of asbestos).  Thus, any fraudulent concealment claim premised on asbestos in her apartment that she now seeks to assert is barred by her failure to include that theory of liability in her 2011 Notice, as her asbestos fraudulent concealment claim had accrued at that point.  See Mazzilli, 154 A.D.2d at 357 (2d Dep't 1989) ("Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed.") (citation omitted).

But this ruling does not dispose of the entire proposed supplemental complaint, since Clark hopes to add a claim of fraudulent concealment based on the presence of quartz in her apartment.  See Prop. Compl. at 1.  And unlike her asbestos fraudulent concealment claim, there is nothing in the 2011 Notice by which this Court could "conclusively" determine that Clark "had knowledge of facts from which the" quartz fraud "could reasonably be inferred." Oggioni v. Oggioni, 46 A.D.3d 646, 649 (2d Dep't 2007) (quoting Trepuk v. Frank, 44 N.Y.2d 723, 725 (1978)).  NYCHA presents no arguments for why Clark should have discovered her exposure to the quartz at an earlier date, other than to assert that Clark could have done her "online research" earlier.  NYCHA Opp. at 6 n.4.  But this ignores Clark's contention that she only discovered the presence of the quartz at all because of NYCHA's recent production of documents that identified for the first time the substances present ("Ardex K 15" and "Ardex P82") that actually contained the quartz.  Clark Reply at 2.  Thus, Clark did not possess the requisite knowledge to infer fraudulent concealment as to quartz until recently.  Oggioni, 46 A.D.3d at 649.

While the 2019 notice of course does not contain any specific mention of quartz, "[t]he test of the notice's sufficiency is whether it includes information sufficient to enable the [corporation] to investigate the claim." O'Brien, 54 N.Y.2d at 358.  NYCHA does not contest that the 2019 Notice contained information sufficient to investigate potential claims of fraudulent concealment by Clark.  Indeed, its investigation of Clark's claims led to its recent production of the information about the presence of quartz.  Thus, NYCHA has never presented an argument as to why the 2019 Notice is insufficient to support the proposed claim of fraudulent concealment as to quartz.  Accordingly, allowing this proposed amendment with respect to her fraudulent concealment relating to quartz would not impermissibly circumvent the notice of claim requirement, as the proposed amendment's theory of liability is encompassed by the 2019 Notice.

That being said, NYCHA is correct that the proposed "supplement" fails under the pleading rules of the Federal Rules of Civil Procedure.  We need not even reach the issue of whether the fraudulent concealment claim satisfies Fed. R. Civ. P. 9(b), which it does not.  The claim does not even satisfy the lesser standard contained in Fed. R. Civ. P. 8(a). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A party's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks, citation, and alteration omitted).  While the proposed supplement recites the elements of a fraudulent concealment claim, the facts pled are insufficient to show that the elements of a fraudulent concealment claim

are met.  They are also insufficient to meet the heightened pleading of Fed. R. Civ. P 9(b) for the reasons stated by the defendants.  NYCHA Opp. at 9-12.

Nonetheless, in light of plaintiff's pro se status, we will give her an opportunity to move to file an amended complaint that adds only a claim of fraudulent concealment as to quartz, if she wishes to do so and can cure the deficiencies.  Any such motion must attach a copy of the full proposed amended complaint.  No allegations may be added to the original complaint except those that properly plead a claim of fraudulent concealment as to the quartz.  Clark is warned that the new amended complaint if accepted will <u>completely replace</u> her prior complaint, and thus she must include within the text of the proposed amended complaint all allegations she is making in this case, including those in the original complaint.   Clark is not obligated to file such a motion --- but if she does so, it must be filed by February 5, 2021.

SO ORDERED.

Dated: January 21, 2021
        New York, New York



GABRIEL W. GORENSTEIN
United States Magistrate Judge

5