UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LA'SHAUN CLARK,

                                              :         ORDER
              Plaintiff,

                                              :         20 Civ. 251 (PAE) (GWG)
  -v.-

                                              :

NEW YORK CITY HOUSING AUTHORITY,   :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC           :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP..     :

              Defendants.         :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

Plaintiff La'Shaun Clark has filed a letter asserting that defendant New York City Housing Authority ("NYCHA") has not complied with a prior court order and asking this Court to order that NYCHA produce documents and respond to an interrogatory she served on NYCHA via email on February 1, 2021.  See Letter from La'Shaun Clark, filed February 23, 2021, at 2 (Docket # 157); Letter from La'Shaun Clark, filed February 26, 2021 (Docket # 160). She also asks that the Court order defendant JLC Environmental Consultants, Inc. ("JLC") to produce a 2004 insurance policy to her.  (See Docket # 157 at 3).  Plaintiff's letter represents that she had a phone conversation with attorneys for both defendants on the day before she filed her letter — that is, February 22, 2021.  Id. at 1.  On the same day she filed her letter, Clark filed the requests at issue on the docket.  See Request for Production of Documents & Interrogatories, filed February 23, 2021 (Docket # 158).

NYCHA states that Clark "just served a Request for Production . . . on February 23, 2021," Letter from Michael Sena, filed February 26, 2021 (Docket # 159), and that it will respond to that request within the 30-day deadline permitted by Fed. R. Civ. P. 34.  JLC has not responded to Clark's letter.

Discussion

First, as pointed out by NYCHA, the Order cited by plaintiff (see Order, entered January 27, 2021 (Docket # 145)) did not address the deadline to respond to requests for production. Rather, the paragraphs relied upon by Clark (see Docket # 157 at 1) give a February 11 deadline for the parties' obligations to make initial disclosures under Fed. R. Civ. P. 26(a)(1) and for

1

making discovery requests, not responding to them.  Thus, the February 11 deadline is unrelated to the deadline for NYCHA's obligations to respond to Clark's requests for production.  That deadline is governed instead by Fed. R. Civ. P. 34(b)(2)(A), which requires a party to "respond in writing within 30 days after being served."  The deadline for the response to the interrogatory is similarly 30 days.  See Fed. R. Civ. P. 33(b)(2).

Plaintiff asserts that she emailed the requests on February 1, 2021.  (See Docket # 160 at 1).  NYCHA's letter suggests that the first time it became aware of the requests was when they were filed on February 23, 2021.  The Court assumes that NYCHA has consented to emailed service under Fed. R. Civ. P. 5(b)(2)(E).  Nonetheless, the Court has no way of determining whether NYCHA actually received the email that plaintiff sent.  We will therefore accept NYCHA's apparent representation that it was unaware of Clark's February 1 email.  Using the February 23, 2021, filing date as the service date, NYCHA's deadline to respond to Clark's requests is March 25, 2021.  Accordingly, NYCHA must respond to the discovery requests by that date.  In the future, the parties should confirm receipt of service of discovery requests at the time they are sent.

As for JLC, it has inexplicably failed to file a response to plaintiff's letter, even though a response was required by February 25, 2021, pursuant to paragraph 2.A of this Court's individual practices ("The party opposing the requested relief must submit a letter to the Court in response as soon as practicable and in any event within two business days . . . .").  The Court admonishes JLC to be scrupulous about complying with the Court's Individual Practices in the future.  As for the substance of Clark's request, it appears that JLC has represented that the document requested, an insurance policy, is not within its possession, custody, or control.  (See Docket # 157 at 2).  JLC is reminded that while "a party is not obliged to produce . . . documents that it does not possess or cannot obtain . . . if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required."  Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007).  The Court is hereby requiring production of this document if JLC has the practical ability to obtain it.  If JLC has not already contacted its insurance broker to request a copy of the 2004 insurance policy (see Docket # 157 at 3), it should do so immediately.  It should also take any other reasonable steps to obtain a copy of the document or verify its non-existence.  JLC shall describe those steps in a letter sent to plaintiff on or before March 11, 2021.  If JLC takes reasonable steps, it will have fulfilled its obligation under Fed. R. Civ. P. 34(a)(1) to produce documents in its "control."

SO ORDERED.

Dated: March 1, 2021
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge