UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## MEMORANDUM ENDORSEMENT

LA'SHAUN CLARK,

        Plaintiff,           Case 1:20-cv-00251-PAE-GWG

    -v.-

NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION & ENVIRONMENTAL SERVICES, INC.;
JLC ENVIRONMENTAL CONSULTANTS, INC;
ROCKMILLS STEEL PRODUCTS CORP.,

        Defendants,

To:  Attn: Honorable Judge Gabriel Gorenstein
From: Ms. La'Shaun Clark / Plaintiff Case 1:20-cv-00251-PAE-GWG
Date: March 15, 2021

This letter is in response to docket # 164 order to show cause that the Honorable Judge Gabriel Gorenstein has ordered for me to file a letter as to why certificate of default and default judgement should not be withdrawn. I plaintiff La'Shaun Clark have properly served NYIES in accordance with New York Law with Personal service upon a corporation (CPLR §311):
Service shall be made by delivering the papers to an officer, director, managing or general agent, or cashier or assistant cashier.

Service was properly effectuated as defendant NYIES has not responded in any fashion. The affidavit of service In the order to show cause docket # 164 it states on page 2
Case law does permit a plaintiff to rely "on the corporate employees to identify the proper person to accept service" but only if "service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice." Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 272 (1980).

 Here, the affidavit does not show that that the process server actually relied upon any statements by "Mr. Ruiz" or even that the process server could properly
1 C.P.L.R. § 311(a)(1) provides that a "business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law." Those sections allow for service of process on the New York Secretary of State. See N.Y. C.P.L.R. § 306(b)(1); § 307(a). There is no claim that such service was made here. Service by such means remains an option for Clark.
The affidavit of service does state that it relied upon statements by Mr. Ruiz as it states that Mr. Ruiz " IDENTIFIED" himself as the warehouse manager. New York and federal law does allow for service to be left with a manager ( " warehouse manager ") and or general agent meaning an

employee of the corporation. Co defendant NYCHA has also served third party summons on NYIES through the New York Secretary of State see docket # 101 and was also ordered to serve them another time docket # 116 NYIES still hasn't responded by any means. My letter to the court dated October 29, 2020 also explains how I have made numerous attempts to get NYIES to respond. Although I firmly believe that service was proper upon NYIES the fact still remains that there is now an amended complaint which I also served my motion and proposed Amended complaint upon NYIES see docket # 154.

The court has stated in this order to show cause that 1 C.P.L.R. § 311(a)(1) provides that a "business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law." Those sections allow for service of process on the New York Secretary of State. See N.Y. C.P.L.R.
§ 306(b)(1); § 307(a). There is no claim that such service was made here. Service by such means remains an option for Clark.

Since the option to serve them upon the New York Secretary of State remains an option for me as stated in this order to show cause I am letting the court know that I am currently in the process of serving the amended complaint to defaulted defendant NYIES through the Secretary of State. Please allow me an extension of time of 14 days to effectuate service of the " Amended complaint " upon NYIES through the Secretary of State at their address on the NYS business site of  31-19 30th. Ave. Astoria N.Y. 11102 as listed on the NY Secretary of State site. Please also advise whether or not you want me to mail again to 58-48 59th. St.. Maspeth N.Y. 11378 and email NYIES again at info@nyinsulates.com in addition to the service upon them through the Secretary of State ? To reiterate several attempts have been made to get NYIES to respond by both NYCHA and myself to no avail. It is clear that NYIES is willingly being evasive.

Out of an abundance of respect for the Honorable Judge Gabriel Gorenstein's order and the law I am asking that the certificate of default and motion for default judgement not be withdrawn and that I am granted an extension of 14 days to effectuate service of the actual amended complaint  as I am doing everything within my control to get NYIES to respond to this case to no avail.  I am dealing with many different chronic illnesses please allow me the time requested. Thank you for your time and service Honorable Judge Gabriel Gorenstein as it is greatly appreciated.

Regards,
Ms. La'Shaun Clark

x _La'Shaun Clark_

## MEMORANDUM ENDORSEMENT

20-cv-251 DOCUMENT 165

For the reasons stated in Docket # 164, the Court finds that the prior certificate of default (Docket #95) does not show proper service and is vacated.

The plaintiff may have until April 30, 2021 to effectuate service of the Amended Complaint on New York Insulation & Environmental Services, Inc.   The Clerk is authorized to issue to plaintiff a summons for this purpose.  It is not necessary for plaintiff to effectuate service by any means other than by means of service authorized by law on the Secretary of State.

The existing motion for a default judgment (Docket # 135) is deemed withdrawn because it relates to a prior complaint, because it is now unsupported by an entry of default, and because it appears plaintiff will seek a default as to the amended complaint.  If an entry of default is obtained as to the amended complaint, plaintiff has leave to file a motion for a default judgment thereafter.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
March 17, 2021