UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LA'SHAUN CLARK,

                                                           :        ORDER

              Plaintiff,

                                                           :        20 Civ. 251 (PAE) (GWG)

   -v.-

                                                              :

NEW YORK CITY HOUSING AUTHORITY,    :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC              :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP..      :

              Defendants.         :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff La'Shaun Clark obtained a certificate of default against defendant New York Insulation & Environmental Services ("NYIES") on August 14, 2020 (Docket # 95). Clark then filed a motion for a default judgment against NYIES (see Motion for Default Judgment, filed December 3, 2020 (Docket # 135)), but the motion was deemed withdrawn after the Court found that the certificate did not show proper service. See Memo Endorsed Order, filed March 17, 2021 (Docket # 166). The Court allowed Clark "until April 30, 2021 to effectuate service of the Amended Complaint on [NYIES]," id., and on April 5 and 7, 2021, Clark filed affidavits of service demonstrating that she had served the Amended Complaint on NYIES (Docket ## 174-75). Clark then obtained another certificate of default on April 21, 2021 (Docket # 180). The day after, NYIES's counsel entered his notice of appearance (Docket # 181) and filed a letter motion requesting that the Court vacate the certificate of default and grant NYIES leave to file its Answer to the Amended Complaint (Docket # 182). Clark filed a new motion for a default judgment the same day (Docket # 183), and NYIES responded shortly thereafter asking that the motion be denied (Docket # 186). Plaintiff filed a response on April 23, 2021 (Docket # 188).

      NYIES argues that the certificate should be vacated because "[t]he twenty-one days to Answer Plaintiff's Amended Complaint received on April 5, 2021 has not expired." Docket # 182 at 1. However, NYIES does not contest that Clark properly effectuated service of the amended complaint by serving the New York Secretary of State on March 18, 2021 (see Docket # 174). Thus, the 21-day period in fact expired by the time the certificate of default issued. While NYIES asserts that it never received any mailing from the Secretary of State, such an assertion is insufficient by itself to meet the "good cause" standard necessary to set aside an entry of default under Fed. R. Civ. P. 55(c). See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

      Nonetheless, given the onerous effect of a default judgment, due process requires the Court to allow NYIES to file a formal motion to set aside the default if it wishes. We thus

1

construe NYIES's letter motion (Docket # 182) as a request for a pre-motion conference to file a motion to set aside (that is, vacate) the default and waive the pre-motion conference requirement. NYIES shall file its motion by May 3, 2021. Any opposition is due May 10, 2021. NYIES may file a reply by May 17, 2021. These filing deadlines may be extended by the parties' agreement as long as the agreement is disclosed to the Court by means of a letter filed on ECF or in NYIES's notice of motion.

      In light of this ruling, Clark's motion for a default judgment (Docket # 183) is deemed withdrawn without prejudice to reinstatement should the default not be set aside. Because discovery cannot proceed until NYIES's status is resolved, the deadlines set forth in this Court's previous scheduling order (Docket # 145) are adjourned <u>sine</u> <u>die</u>.

      SO ORDERED.

Dated: April 26, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge