UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LA'SHAUN CLARK,

                :   OPINION AND ORDER

     Plaintiff,

                :

 -v.-                  20 Civ. 251 (PAE) (GWG)

                :

NEW YORK CITY HOUSING AUTHORITY, :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC    :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP.,  :

     Defendants.        :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

   This tort suit was brought by plaintiff La'Shaun Clark, proceeding pro se, against several corporate defendants, including the New York City Housing Authority ("NYCHA") and New York Insulation & Environmental Services ("NYIES"), for injuries sustained after Clark's alleged exposure to asbestos and silica quartz in her former apartment from 2004 to 2012. NYIES failed to answer and Clark obtained a certificate of default against NYIES. NYIES now moves to set aside that entry of default under Rule 55(c) of the Federal Rules of Civil Procedure.[1]

---

[1] Motion to Set Aside Default, filed May 3, 2021 (Docket # 192); Memorandum of Law in Support, filed May 3, 2021 (Docket # 193) ("Def. Mem."); Declaration of Richard Leff in Support, filed May 3, 2021 (Docket # 194) ("Leff Decl."); Plaintiff's Opposition to Default Defendant NYIES Motion to Vacate, filed May 3, 2021 (Docket # 195) ("Pl. Opp."); Letter from La'Shaun Clark, filed May 5, 2021 (Docket # 196); Response to Motion to Set Aside Default, filed May 6, 2021 (Docket # 197); Reply Memorandum of Law, filed May 17, 2021 (Docket # 198) ("Reply Mem."); Letter from La'Shaun Clark, filed May 18, 2021 (Docket # 199); Letter from Richard Leff, filed May 19, 2021 (Docket # 200); Letter from La'Shaun Clark, filed May 19, 2021 (Docket # 201). While NYIES objected to the consideration of Clark's May 18 letter as unauthorized, we will consider it because its contents do not change our conclusion.

For the reasons set forth below, NYIES's motion is granted.[2]

I. BACKGROUND

Clark filed her complaint on January 10, 2020, alleging that NYIES, along with NYCHA and others, had harmed her after failing to abate asbestos in her New York apartment. See Complaint (Docket # 2), at 5-6. Clark specifically alleged that NYIES was responsible for abating floor tiles in her apartment and failed to do so. Id. at 5. A default was initially entered against NYIES on August 14, 2020 (Docket # 95; see also Docket # 70), and plaintiff subsequently moved for a default judgment (Docket # 135). The Court vacated the certificate of default, however, finding that the record did not show proper service on NYIES. See Memorandum Endorsement, filed March 17, 2021 (Docket # 166).

In the meantime, Clark filed an amended complaint that added a claim against NYCHA for fraudulent concealment of silica quartz. See Amended Complaint, filed February 12, 2021 (Docket # 156) ("AC"). The claim against NYIES was unchanged. See id. at 3. Clark then served the amended complaint on NYIES via the New York Secretary of State and also claimed to do so by serving one of NYIES's employees at its offices. See Affidavits of Service, filed April 5 and April 7, 2021 (Docket ## 174-75). Service was made on the Secretary of State on March 18, 2021. (Docket # 174). Clark obtained another certificate of default based on the service effectuated upon NYIES via the Secretary of State. See Clerk's Certificate of Default, filed April 21, 2021 (Docket # 180). The next day, NYIES's counsel entered his appearance, see Notice of Appearance, filed April 22, 2021 (Docket # 181), and filed a letter seeking leave to file

---

[2] A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). See, e.g., Johnson v. New York Univ., 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), aff'd, 800 F. App'x 18 (2d Cir. 2020).

an answer to Clark's amended complaint, <u>see</u> Letter Motion from Richard Leff, filed April 22, 2021 (Docket # 182). Clark filed a motion for default judgment against NYIES that same day. <u>See</u> Motion for Default Judgment, filed April 22, 2021 (Docket # 183). After construing NYIES's letter motion as "a request for a pre-motion conference to file a motion to set aside . . . the default," the Court waived the conference requirement and granted leave for NYIES to make its motion, while deeming Clark's motion for a default judgment withdrawn without prejudice pending the outcome of NYIES's anticipated motion. <u>See</u> Order, filed April 26, 2021 (Docket # 190), at 2. This motion followed.

II. <u>LAW GOVERNING MOTIONS TO VACATE AN ENTRY OF DEFAULT</u>

Rule 55(a) of the Federal Rules of Civil Procedure requires judgment to be entered by the clerk when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend." Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." <u>See</u> also <u>Meehan v. Snow</u>, 652 F.2d 274, 276 (2d Cir. 1981) (describing process of securing default). Here, a default was entered against NYIES, <u>see</u> Clerk's Certificate of Default, filed April 21, 2021 (Docket # 180), but no judgment has been entered. We therefore apply Rule 55(c)'s good cause standard instead of the more stringent standard for setting aside a default judgment under Rule 60(b).

The Second Circuit has established three criteria for courts to assess in determining whether to vacate an entry of default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993). "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. . . . The test of such a defense is measured not by whether there is a likelihood that

3

it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Id. at 98.  Also, courts may consider "[o]ther relevant equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id. at 96.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (alteration in original) (quoting Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991)).  This determination must consider the Second Circuit's "strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (punctuation omitted). "[W]hen doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." Enron, 10 F.3d at 96.

III. DISCUSSION

    A. Willfulness

Willfulness in the context of a motion to vacate a default "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (punctuation omitted).  To find willfulness, a court need not conclude that the defendant acted in bad faith as "it is sufficient to conclude that the defendant defaulted deliberately." Id. at 187 (punctuation omitted).  In assessing willfulness, courts in this Circuit consider "whether the defendant moved promptly to vacate the default upon notice of the judgment, . . . whether the defendant had actual notice of the action, and whether

4

the defendant knew that the plaintiff had a claim against them." Durso v. Modern Food Center, Inc., 2019 WL 2150424, at *5 (S.D.N.Y. May 17, 2019) (punctuation omitted).

NYIES supplies the affidavit of its President, Anthony Cardinale, who admits receiving service of the amended complaint on April 5, 2021. Affidavit of Anthony Cardinale, annexed as Exh. E to Leff. Decl. ("Cardinale Aff."), ¶ 4. Cardinale's affidavit reflects that NYIES took action to obtain representation promptly once it received this copy of the amended complaint. Cardinale Aff. ¶¶ 5-6. But Cardinale's affidavit is carefully constructed to avoid answering the question of whether NYIES had "actual notice" of this lawsuit before April 5, 2021. Cardinale admits that during the COVID-19 pandemic, mail sent to NYIES's offices in Maspeth "was generally collected and distributed once per week." Id. ¶ 8. But his affidavit does not address or even acknowledge the various mailings that both Clark and NYCHA have sent to the Maspeth address since the case began. See Acknowledgment of Service, filed October 27, 2020 (Docket # 118) (stating that NYCHA sent plaintiff's prior complaint and NYCHA's Answer to NYIES at 58-48 59th St, Maspeth, New York 11378); Declaration of Service, filed December 4, 2020 (Docket # 136) (Clark affirming that she mailed the motion for default judgment to NYIES's address at 58-48 59th St); Affidavit for Proof of Service, filed February 11, 2021 (Docket # 154) (Clark affirming that she mailed her proposed amended complaint and motion to amend to NYIES's address at 58-48 59th St). Cardinale denies receiving only "Plaintiff's Amended Complaint prior to April 5, 2021," and denies receiving "Plaintiff's Summons and Complaint from the Secretary of State," not from NYCHA or Clark directly. Cardinale Aff. ¶¶ 7-8. This careful drafting and unexplained silence with regard to mailings to the Maspeth office suggest that NYIES did in fact receive copies of plaintiff's prior complaint and other papers in this case via the mail but chose to ignore them.

As to the service made on the Secretary of State, Cardinale states that the address on file with the Secretary of State (in Astoria) "has not been in use for approximately twenty years," and that NYIES "does not receive mail sent to that address." Id. ¶ 3. He states that NYIES is instead located at the address in Maspeth. Id. ¶ 2. Cardinale's affidavit, however, takes no responsibility for his company having an incorrect address registered with the Secretary of State. Much time and trouble would have been avoided if NYIES simply listed its correct address with the Secretary of State inasmuch as NYCHA made service via the Secretary of State of the original complaint on NYIES nearly a year ago — in August 2020. See Affidavit of Service, filed September 2, 2020 (Docket # 101). We take judicial notice of the fact that a search of the Secretary of State's public records reflects that NYIES still has not changed the allegedly incorrect Astoria address to the Maspeth address — even though nearly two months has elapsed since Cardinale signed his affidavit.[3]

All of these circumstances lead us to believe that NYIES has acted recklessly with regard to the possibility of its being sued and quite likely had actual notice that this lawsuit had been filed against it. While its brief suggests that "there is no advantage to be gained in defaulting," Reply Mem. at 6, NYIES may have hoped that, in light of the fact that this case was brought by a pro se plaintiff and that NYIES was just one of several defendants, the Court might eventually have dismissed Clark's lawsuit without the need for NYIES to expend any effort responding.

Some cases have found that actual notice is enough to find willfulness. See Artmatic USA Cosmetics v. Maybelline Co., 906 F. Supp. 850, 855 (E.D.N.Y. 1995) (citing Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984)) ("Courts have . . . held a default to be willful when a

---

[3] The address of any corporation registered with the New York Secretary of State is available at: https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry.

defendant knew about the complaint and failed to respond."); accord Arbitron, Inc. v. Marathon Media, LLC, 2008 WL 892366, at *5 (S.D.N.Y. Apr. 1, 2008) (defendants' default found to be willful where "two senior corporate officers had actual notice of the suit" as well as the "request for the clerk to enter the default" but did nothing to respond).  As it does not make a difference to the outcome of this motion, and in light of the strong possibility of willfulness here, we will assume arguendo that the default was willful and that this factor favors denying NYIES's motion.

      B.  Prejudice

In determining whether setting the default aside will prejudice the plaintiff, it is not enough to show "delay alone." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).  Rather, courts must also "consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010) (punctuation omitted).  "In order to show the requisite level [of] prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." Murray Eng'g, P.C. v. Windermere Properties LLC, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

While this case is in the discovery stage, it appears no depositions have been taken and document production is not complete.  Clark contends that setting aside this default will prejudice her because of the delay that will ensue and her poor health, "as I might not even live to see my day in court." Pl. Opp. at 5.  Clark also argues that NYIES prejudiced her "and other

defendants because they evaded the costs of litigation by evading service for over a year while myself and other defendants spent time and money litigating this case." Id.

While the Court is sympathetic to the fact that vacating the default will postpone the date on which plaintiff might obtain a recovery, Second Circuit precedent makes clear that Clark must show more than delay. See Swarna, 622 F.3d at 143 ("[I]n order to prevail on the prejudice prong a plaintiff must show that delay will result in the loss of evidence . . . or provide greater opportunity for fraud and collusion.") (alteration in original, punctuation omitted). Clark's claims about potential prejudice are based on speculation rather than concrete evidence and thus cannot support a finding that NYIES's conduct has actually prejudiced plaintiff.

As a result, this factor weighs in favor of vacating the certificate of default.

C. Meritorious Defenses

"'In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.'" Oscilloscope Pictures, Inc. v. Monbo, 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019) (alteration omitted) (quoting Green, 420 F.3d at 109). Importantly,

> "[t]he defaulting defendant need only meet a low threshold to satisfy this factor." Gench v. HostGator.com LLC, 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) . . . see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor). Nonetheless, a defendant must still "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." FedEx TechConnect, Inc. v. OTI, Inc., 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) . . . .

Johnson v. New York Univ., 324 F.R.D. 65, 72 (S.D.N.Y. 2018) (punctuation omitted), aff'd, 800 F. App'x 18 (2d Cir. 2020).

8

NYIES has advanced a variety of defenses that it argues will wholly defeat Clark's claims, including Clark's inability to prove that NYIES caused her injuries, Def. Mem. at 8, NYIES's lack of any duty to prevent harm to Clark, id. at 9, that Clark's claims are barred by res judicata and/or collateral estoppel, id. at 10-11, that Clark's claims are barred by the statute of limitations, id. at 12, and that Clark fails to state a cause of action against NYIES, id. at 13.

Clark argues that these are mere "boilerplate objections" and thus not meritorious. Pl. Opp. at 4. The Court disagrees. To satisfy this factor, the "defaulting defendant need only meet a low threshold." Johnson, 324 F.R.D. at 72 (punctuation omitted). While the defense must amount to "more than conclusory denials," Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001), "the defense need not be ultimately persuasive at this stage," Addison v. Reitman Blacktop, Inc., 272 F.R.D. 72, 81 (E.D.N.Y. 2010). Here, at least two of the defenses put forth by NYIES surpass this low threshold. See id. ("The Court does not need to make a finding as to whether all of the Defendants' affirmative defenses are meritorious.").

NYIES argues it can move to dismiss Clark's claims based on collateral estoppel, because Clark was involved in a prior state court proceeding against NYCHA that was ultimately dismissed. Def. Mem. at 11. As this Court previously discussed, the doctrine of collateral estoppel applies "if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Clark v. New York City Hous. Auth., 2020 WL 7501854, at *4 (S.D.N.Y. Dec. 22, 2020) (punctuation omitted), adopted by, 2021 WL 545847 (S.D.N.Y. Jan. 12, 2021). The issue NYIES argues was decided in Clark's prior proceeding is that Clark's claims are time-barred. See Def. Mem. at 11 ("Plaintiff . . . had a full and fair opportunity to oppose the motion seeking dismissal of her claims as time-barred.

9

Plaintiff and her counsel made the strategic decision not to oppose that motion and her claims were dismissed.  Plaintiff cannot now revive those claims in Federal Court.").  NYIES has also submitted a copy of an order from that case dismissing Clark's claims as time-barred.  See Leff Decl., Exh. C, at 4 ("Cross-motion seeking dismissal of all claims asserted by La[']Shaun Clark, individually on statute of limitations grounds is granted without opposition.").

Clark claims that the issue of collateral estoppel "has already been decided," Pl. Opp. at 4, presumably referencing the prior decision denying NYCHA's motion for judgment on the pleadings.  But NYCHA sought dismissal on the ground that the state court had "actually or necessarily" decided the issue of "whether asbestos was present in Plaintiff's NYCHA apartment during the period she lived there, such that she may have been exposed to it."  Clark, 2020 WL 7501854, at *4 (punctuation omitted).  NYIES states that it will seek dismissal because "the state court necessarily determined Plaintiff's claims were time-barred when it dismissed them as time-barred."  Reply Mem. at 10.  Thus, the prior decision denying NYCHA's motion for judgment on the pleadings would not prevent NYIES from raising this argument in response to Clark's claims.  And at least one court has applied collateral estoppel to bar claims previously dismissed in another court as untimely.  See Tinnell v. Invacare Corp., 819 F. Supp. 2d 192, 197 (W.D.N.Y. 2011) (dismissing claims as collaterally estopped because "there is no question that the issue of the timeliness of Plaintiff's First and Second claims are the same as those . . . on the motion to dismiss the state court action as time-barred").

NYIES also asserts that the statute of limitations bars Clark's claims.  See Def. Mem. at 12.  Clark responds that "claims for latent exposures must be commenced within 3 years of discovery," and that she "discovered asbestos in 2019" and silica quartz in 2020, "thus the statute

10

of limitations has not expired." Pl. Opp. at 4 (citing N.Y. C.P.L.R. § 214-c). But that statute provides that

> the three year period within which an action to recover damages for personal injury . . . caused by the latent effects of exposure to any substance . . . must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

N.Y. C.P.L.R. 214-c(2). NYIES points to deposition testimony by Clark (attached as Exh. F. to Leff. Decl.) and Clark's own Amended Complaint as showing that at least some of the injuries she now seeks damages for manifested in 2009 and 2012. See Def. Mem. at 12. These arguments may not demonstrate that all of Clark's injury claims are time-barred. But NYIES's arguments do suggest that at least some of Clark's claims against it could be time-barred. Thus, NYIES has proffered a meritorious defense, even if only partial, on statute of limitations grounds.

At this stage, without the benefit of full briefing, the Court has not definitively concluded that NYIES's arguments would bar Clark's claims. But because "all doubts must be resolved in favor of trial on the merits," Enron, 10 F.3d at 98, NYIES has "made a sufficient showing at this juncture to justify further briefing and consideration" on the merits. Davis, 713 F.2d at 916. In light of this conclusion, the Court need not address the other defenses asserted by NYIES, and we find this factor favors vacating the default.

### D. Weighing the Factors

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron, 10 F.3d at 96. Despite our assumption that NYIES's default was willful, which favors denying the motion to vacate, the other factors weigh strongly

11

in favor of setting aside the default. Setting aside the default is in keeping with the Second Circuit's "strong preference for resolving disputes on the merits." Green, 420 F.3d at 104 (punctuation omitted). "This result is particularly warranted given that we are considering the vacatur of an entry of default, rather than of a default judgment" and Fed. R. Civ. P. 55(c) requires only a finding of "good cause" to set aside an entry of default. Gench, 2015 WL 3757120, at *5. We therefore conclude that vacatur of the default is appropriate. See Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC, 2019 WL 1099944, at *4 (S.D.N.Y. Mar. 8, 2019) (granting a motion to set aside the clerk's entry of default despite finding the "Defendant's default was willful" and that defendant had only put forward "the bare minimum for showing the possibility of meritorious defenses"); Gench, 2015 WL 3757120, at *5 (assuming willful default but recommending vacatur as "the remaining factors strongly weigh in favor of setting aside the default").

IV. CONCLUSION

For the foregoing reasons, the default entered by the Clerk (Docket # 180) is vacated. NYIES shall file its response to the amended complaint within 21 days of the date of this decision.

The Court notes that NYIES was the subject of cross-claims in the answers of the other defendants (Docket ## 16, 23). Strangely, the other defendants never filed answers to the amended complaint (Docket # 156), let alone cross-claims.[4] The remaining defendants shall file

---

[4] Before plaintiff filed the amended complaint, NYCHA filed a document purporting to be a response to Clark's amended complaint, which it called an "Amended Answer." (Docket # 150). But as the Court previously explained, "there was no filed amended complaint to which NYCHA could respond. As a result, the 'Amended Answer' is a nullity." Order, filed February 12, 2021 (Docket # 155), at 1. The same order required NYCHA to "file its response" to Clark's amended pleading by February 25, 2021, but NYCHA never did so. Id.

their responses to the amended complaint, including cross-claims, within 14 days of the date of this decision. The parties shall respond to any such cross-claims within 21 days.

In the meantime, the parties shall consult regarding a proposed discovery schedule for this case and shall submit separate proposals or a joint proposal within 28 days of the date of this decision.

SO ORDERED.

Dated: June 10, 2021
      New York, New York

                                      _____
                                    GABRIEL W. GORENSTEIN
                                    United States Magistrate Judge