```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LA'SHAUN CLARK,
                                                :        ORDER
               Plaintiff,
                                                :
    -v.-                                                 20 Civ. 251 (PAE) (GWG)
                                                :


NEW YORK CITY HOUSING AUTHORITY,                :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC                     :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP.,                  :

               Defendants.                      :
-----------------------------------------------------------------X
```
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     The Court has reviewed the parties' letters (Docket ## 208-211) regarding a proposed schedule. In light of the fact that New York Insulation and Environmental Services, Inc. ("NYIES") has only recently entered this case, NYIES must be given the opportunity to obtain discovery, including being given the option to depose plaintiff again. Also, parties with claims against NYIES must be given the opportunity to obtain discovery from it.

     The letters raised what appear to be some discovery disputes. Any such disputes must be presented in accordance with paragraph 2.A of the Court's Individual Practices. That being said, the Court notes that, with respect to the request for a physical examination pursuant to Fed. R. Civ. P. 35 (referred to as an "IME" by the parties), any state or city laws regarding such examinations are irrelevant in federal court. Only Rule 35 governs. If plaintiff makes claims for physical injuries of any kind she must submit to a physical examination. If there is disagreement as to the nature of the examination, it may be presented to the Court.

     The schedule proposed by defendants is far too lengthy and not justified by anything in their letter other than the potential that medical records may not be made immediately available. Plaintiff must expedite this process by providing as soon as possible HIPAA-compliant releases for medical providers. The Court urges the plaintiff to cooperate with defendants in figuring out a way to do this so that discovery may be completed with alacrity. Plaintiff is responsible for identifying medical providers. Defendants are responsible for preparing the HIPAA-compliant releases. Plaintiff must properly sign them and defendants must quickly serve them on the providers. The parties should confer to figure out a way to accomplish this as soon as possible. The Court urges plaintiff not to be suspicious of this conferral process as it is standard in litigation. It is also standard that co-defendants at times will confer without plaintiff present. The schedule below is adopted by the Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure on the assumption this process goes smoothly.

It seems clear that the parties intend to engage experts given that they have offered up proposed dates for a medical examination. Thus, the schedule below differs from the prior schedule (Docket # 145) by providing specific dates for expert disclosures.

1. Initial disclosures required by Rule 26(a)(1) shall be made by NYIES on or before July 9, 2021. Supplement initial disclosures by other parties relevant to any claims by or against NYIES shall be made by the same date.

2. NYIES shall serve all interrogatories and document requests by July 16, 2021. Any interrogatories or document requests relevant to any claims made by or against NYIES shall be served by the same date

3. All fact discovery shall be completed by October 29, 2021.

4. Plaintiff shall inform defendants by October 29, 2021, whether she intends to engage an expert. If so, disclosure of expert evidence by plaintiff, as required by Rule 26(a)(2)(A), (B) or (C), including the identities and reports of experts, if any, will be made by November 16, 2021.

5. The disclosure of expert evidence by defendants as required by Rule 26(a)(2)(A), (B) or (C), shall be made by December 16, 2021.

6. The Court assumes there will be no depositions of experts but if any party seeks depositions, it may apply to the Court for leave to do so. The Court assumes such depositions may take place without interfering with the summary judgment schedule.

7. Any motion for summary judgment shall be filed on or before December 16, 2021. The motion is returnable before Judge Engelmayer and shall comply with his Individual Rules and Practices in Civil Pro Se Cases.

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

9. All applications to the Court must comply with this Court's Individual Practices, which are available through the Clerk's Office or at https://nysd.uscourts.gov/hon-gabriel-w-gorenstein. Discovery applications — that is, any application or motion pursuant to Rules 26 through 37 or 45 — not only must comply with ¶ 2.A of the Court's Individual Practices but also must be made promptly after the cause for such an application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

SO ORDERED.

Dated: June 24, 2021
      New York, New York

                                                        _____
                                                        GABRIEL W. GORENSTEIN
                                                        United States Magistrate Judge