```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LA'SHAUN CLARK,                                        :          ORDER

                Plaintiff,                             :

        -v.-                                                       20 Civ. 251 (PAE) (GWG)
                                                       :

NEW YORK CITY HOUSING AUTHORITY,                       :
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, JLC                            :
ENVIRONMENTAL CONSULTANTS, INC.,
ROCKMILL STEEL PRODUCTS CORP.,                         :

                Defendants.                            :
----------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

This Order addresses a letter filed by plaintiff (Docket # 217) and the response filed by defendant New York Insulation and Environmental Services, Inc. ("NYIES") (Docket # 219).

Plaintiff's letter raises several disputes concerning discovery. The Court reminds plaintiff that such applications must comply with paragraph 2.A of the Court's Individual Practices. Thus, before bringing such disputes to the Court's attention, plaintiff must first "confer[] in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute." The Court has instituted this requirement in order to allow for more efficient dispute resolution between the parties and to lessen the burden on the Court. As demonstrated by NYIES's response to plaintiff's request that her deposition take place over the course of three days, discussing the request with NYIES's counsel would have resolved the issue without the need to involve the Court. The parties must follow the procedure laid out in paragraph 2.A for further discovery disputes. In the future, if a letter regarding discovery is filed that does not reflect that paragraph 2.A has been complied with, the letter will not be considered.

As for plaintiff's request that only NYIES be allowed to depose her and that it be done virtually, this is another example of how a conference with the parties might resolve the issue. Indeed, it is quite likely that the defendants prefer to conduct any deposition by video or telephone. Plaintiff should first confer with defendants in accordance with paragraph 2.A. The Court notes that, while NYIES may be the only defendant conducting the deposition, the other defendants will presumptively have the right to ask questions at the deposition as long as those questions are within the scope of the topics raised by NYIES's questioning.

As for plaintiff's objection to defendants conducting a physical examination, the objection should be raised after defendants formally serve plaintiff with a notice seeking the examination and after complying with paragraph 2.A.

Any disputes between the parties not addressed above may be raised by complying with paragraph 2.A.

SO ORDERED.

Dated: June 25, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge