UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LA'SHAUN CLARK,<br><br>            Plaintiff,<br><br>       -v-<br><br>NEW YORK CITY HOUSING AUTHORITY et al.,<br><br>            Defendants. | 20 Civ. 251 (PAE) (GWG)<br><br>OPINION & ORDER |

PAUL A. ENGELMAYER, District Judge:

  *Pro se* plaintiff La'Shaun Clark brings claims against state and private entities for fraudulent concealment and personal injury in connection with her alleged exposure to asbestos and "Ardex," a non-asbestos product containing crystalline silica quartz. Three defendants—New York City Housing Authority ("NYCHA"), New York Insulation & Environmental Services ("NYIES"), and JLC Environmental Consultants, Inc. ("JLC") (collectively, "defendants")—have moved for summary judgment dismissing all claims.[1] *See* Dkts. 269, 275, 289. Clark has filed cross-motions for summary judgment against all defendants. *See* Dkts. 282–84.

  On September 14, 2022, the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, issued a Report and Recommendation, recommending that defendants' motions for summary judgment be granted. Dkt. 311 (the "Report"). Clark has filed a series of objections to the Report and to a later order from Judge Gorenstein. On September 14, 2022, Clark objected to the Report generally and asked to file a second amended complaint and for additional time to

---

[1] A fourth defendant, Rockmills Steel Products Corp. ("Rockmills"), has not been served in this action, and accordingly, has not appeared or participated in this litigation. *See infra* note 5 (explaining why dismissal of Rockmills is now warranted).

submit expert testimony, Dkts. 312–13; *see also* Dkt. 314 (September 15, 2022 letter to Judge Gorenstein attaching same).  On September 16, 2022, Judge Gorenstein denied as futile Clark's requests for leave to amend and for additional time to seek expert testimony, *see* Dkt. 315 (denial).  Clark then objected to this denial, *see* Dkts. 316 (objections), 317 (letter to Judge Engelmayer).  On September 27, 2022, NYCHA filed its opposition to Clark's objections, Dkt. 318; the same day, Clark replied, Dkt. 319.  On September 28, 2022, NYIES filed its opposition to Clark's objections, Dkts. 320–21, as did JLC, Dkt. 323; the same day, Clark replied to NYIES, Dkt. 322, and JLC, Dkt. 324.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, a district court will review the Report strictly for clear error.  *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, No. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012).  This is so even in the case of a *pro se* plaintiff.  *Telfair v. Le Pain Quotidien U.S.*,

2

No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

Whether reviewing the Report for clear error or *de novo*, the Court finds that Judge Gorenstein's thorough and well-reasoned Report correctly recommends that this Court grant defendants' motions to dismiss and deny Clark's motion for summary judgment.

The Court adopts the Report's detailed account of the facts and procedural history, to which no party objects. The following summary captures the limited facts necessary for an assessment of the issues presented.[2]

Between 2004 and 2012, Clark lived in public housing owned and managed by NYCHA. NYCHA 56.1 ¶¶ 1–2; *see* Pl. NYCHA Mem. at 4. Four months before the start of Clark's tenancy in apartment 1H of her building, NYCHA hired NYIES to perform an asbestos abatement in apartment 1H. NYCHA 56.1 ¶¶ 3, 22; *see* Pl. NYCHA Mem. at 4, 12. As part of

---

[2] The Court draws its account of the underlying facts of this case from the parties' submissions in support of and in opposition to the parties' summary judgment motions. These include NYCHA's Rule 56.1 Statement, Dkt. 272 ("NYCHA 56.1"), and Clark's memorandum of law in support of her cross-motion for summary judgment against NYCHA, Dkt. 285 ("Pl. NYCHA Mem."). Citations to a party's Rule 56.1 statement incorporate by reference the materials cited therein. Where facts stated in a party's Rule 56.1 statement are supported by testimonial or documentary evidence, and denied by a conclusory statement by the other party without citation to conflicting testimonial or documentary evidence, the Court finds such facts true. *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *id.* at 56.1(d) ("Each statement by the movant or opponent . . . controverting any statement of material fact[] must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).").

the asbestos abatement, NYIES used a product called "Ardex," Dkt. 273-1, which, according to Clark, contains harmful levels of crystalline silica, Dkt. 279-10 at 80, 88, and whose use was never disclosed to her by NYCHA before she signed the lease for apartment 1H, *id.* at 78–80. Also before Clark's tenancy, NYCHA hired JLC to conduct air-monitoring tests in apartment 1H following NYIES's abatement work. NYCHA 56.1 ¶ 30; *see* Pl. NYCHA Mem. at 16. Clark, relying solely on her own opinion on this point, claims that the asbestos abatement was flawed and exposed her to asbestos and crystalline silica. Dkt. 279-10 at 11, 87–88, 96–98. Defendants, however, have adduced an expert report opining that Clark was not exposed to asbestos or crystalline silica in apartment 1H, Dkt. 271-6 ¶¶ 14–15, 21, and that her various current medical conditions, including chronic obstructive pulmonary disease, Dkt. 279-10 at 87–88, are not the result of exposure to asbestos or crystalline silica during her tenancy in apartment 1H.

The Report recommends that the Court grant defendants' motion for summary judgment on Clark's claims. The Report liberally construes Clark's amended complaint as bringing two claims: (1) a personal injury claim of common-law negligence brought against all defendants, based on Clark's exposure to the asbestos and crystalline silica in apartment 1H, and (2) a claim of fraudulent concealment brought against NYCHA, for withholding knowledge of the presence of Ardex and crystalline silica. *See* Dkt. 156. The Report correspondingly recommends denying Clark's motion for summary judgment.

As to personal injury, the Report reasons that Clark has failed to adduce sufficient evidence to establish the element of general causation. Report at 8–10. As the Report explains, to prevail on a claim of injury due to a toxic substance, a plaintiff must first establish general causation (the capacity of the substance to cause the injury at hand) and then establish specific causation (that the substance caused the plaintiff's injuries). *Parker v. Mobil Oil Corp.*, 7

4

N.Y.3d 434, 448 (N.Y. 2006); *see Nemeth v. Brenntag N. Am.*, 194 N.E.3d 266, 270 (N.Y. 2022); *Cornell v. 360 W. 51st St. Realty, LLC*, 22 N.Y.3d 762, 784 (N.Y. 2014). However, as the Report notes, Clark, beyond her own non-cognizable personal opinion on this point, does not adduce any evidence as to the general capacity of the crystalline silica quartz that she claims remained in apartment 1H as of the time of her tenancy to cause injuries of the type she experienced, let alone the expert testimony that is the basis on which general causation on such claims is proven. As the Report summarizes: "Clark cannot satisfy [the] burden [of causation] without offering expert testimony on the subject, which Clark has not done," Report at 7, notwithstanding that she carries "the burden to come forward with sufficient evidence— necessarily including expert testimony—on causation to create a genuine issue of material fact," *id.* at 10. The Report notes that "Clark testified that she has not retained an expert" and "offers no expert testimony in connection with her oppositions or cross-motions." *Id.* at 10. "This lack of expert testimony," the Report finds, "is fatal to Clark's personal injury claims." *Id.*

As to fraudulent concealment, the Report concludes that "Clark has failed to submit sufficient evidence that NYCHA made a material misrepresentation or omission of fact." *Id.* at 13. The Report focuses on the aspect of materiality, which is assessed by "whether 'a reasonable [person] would attach importance [to the fact misrepresented] [or concealed] in determining his choice of action in the transaction in question.'" *Cong. Fin. Corp. v. John Morrell & Co.*, 790 F. Supp. 459, 470 (S.D.N.Y. 1992) (quoting *List v. Fashion Park, Inc.*, 340 F.2d 457, 462 (2d Cir. 1965)) (second alteration in original). "[A] reasonable person considering whether to lease Apartment 1H would not be influenced by the fact that Ardex was used in Apartment 1H at some point in the past unless (1) the crystalline silica quartz remained present in Apartment 1H at the time the individual leased the apartment; and (2) any crystalline silica quartz present in

5

Apartment 1H was in fact hazardous to health or safety." Report at 14. Because "there is no competent evidence regarding the levels of crystalline silica quartz in Apartment 1H during Clark's tenancy," *id.* at 15, the Report reasons, "Clark has failed to offer evidence sufficient to create a genuine issue of material fact concerning whether NYCHA's failure to disclose the use of Ardex or the presence of crystalline silica quartz was material," *id.*

Clark filed a series of objections to the Report, *see* Dkts. 312–14, 316–17, to which defendants responded, *see* Dkts. 318 (NYCHA opposition); 320 (NYIES opposition); 323 (JLC opposition), and Clark replied, *see* Dkts. 319 (response to NYCHA); 321 (response to NYIES); 324 (response to JLC). Clark's objections do not take aim at any of the Report's legal analysis and conclusions, even when viewed through the lenient lens generally accorded *pro se* parties' objections. *See Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017). Instead, the objections principally (1) excerpt large portions of the Federal Rules of Civil Procedure (and in particular, appended committee notes) to reprise an argument addressed (and dismissed) in the Report that NYCHA has admitted the factual allegations in the amended complaint because it did not timely file an answer within 21 days of the filing of her amended complaint; and (2) explain why various personal issues prevented Clark from retaining an expert to support of her case. The Court will review *de novo*, in an excess of caution, those arguments as addressed in the Report. But as to the balance, the Court finds that Clark's objections are not "specific and clearly aimed at particular findings in the magistrate judge's report" as would justify, even for a *pro se* party, *de novo* review. *See Kelly*,

2017 WL 3995623 at *2.  Reviewing Judge Gorenstein's well-reasoned Report for clear error, the Court finds none.[3]

Clark's first objection—that NYCHA failed to file a responsive pleading to her amended complaint, Dkt. 312 at 2—is thoroughly addressed and debunked in the Report.  As summarized there, NYCHA filed an amended answer to Clark's proposed amended complaint, which came attached to a letter.  Report at 11 (citing Dkts. 141–42, 151, 155).  When Clark then separately filed the amended complaint as its own docket entry, NYCHA did not refile its amended answer as a separate docket entry.  *Id.*  Clark contends that, by not refiling, "NYCHA failed to respond to the amended complaint and therefore the amended complaint's factual allegations against NYCHA must be deemed true under Fed. R. Civ. P. 8(b)(6), absolving Clark of any need to procure expert testimony."  *Id.* at 11–12.  She states: "Nothing in [Federal R]ule [of Civil Procedure] 8 states that it is discretionary that a required pleading not filed can be waived by the discretion of the court[.]  [I]t states that if a responsive pleading is required[,] which NYCHA

---

[3] In various decisions, the Second Circuit has upheld entry of summary judgment where the non-movant failed to adduce admissible expert evidence on a point requiring same.  As the Circuit has explained, although "expert testimony is unnecessary in cases where jurors are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, . . . where the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (cleaned up).  Clark's toxic-tort claims fall into the latter category, as the capacity of an alleged toxin to cause particular ailments is outside the ken of lay jurors.  *See, e.g., In re N.Y.C. Asbestos Litig.,* 11 N.Y.S.3d 416, 425 (N.Y. Sup. Ct. 2015).  The Report therefore rightly found that Clark's claims, unsupported by expert evidence as to general causation, necessarily fail at the summary judgment stage.  *See In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 982 F.3d 113, 125 (2d Cir. 2020) (affirming grant of summary judgment to defense in products liability case where, following grant of *Daubert* motions, plaintiffs lacked any admissible expert evidence that the hormone secreted by the challenged intra-uterine device had the general capacity to cause the neurological ailment at issue).

was unequivocally required to file[,] a responsive pleading to my amended complaint at docket # 156" must be filed. Dkt. 312 at 2.

In fact, contrary to this objection, the Court did not improperly exercise discretion in treating NYCHA's (already on file) amended answer as its response to Clark's amended complaint. The Court's treatment as such of the amended answer stems from a reasonable application of Federal Rule of Civil Procedure 1. Rule 1 provides that the Federal Rules of Civil Procedure, including Rule 8, and the deadlines it sets, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Ignoring the amended answer that NYCHA had already supplied would impede Rule 1's objectives. Moreover, as the Report notes, contrary to her claim that NYCHA thereby defaulted, Clark never moved for a default judgment—"and any such motion would [have been] denied anyway given that NYCHA actually filed an answer to the proposed amended complaint, even if was filed on the docket before the docketing of the amended complaint." Report at 12. Accordingly, after *de novo* review, the Court adopts the portion of the Report that addresses (and rejects) Clark's attempt to fend off the granting of summary judgment against her claims based on NYCHA's purported procedural lapse.

Clark's second objection appears to ask the Court to excuse her failure to procure an expert on general causation. She attributes this failure to the following:

> [I] was under a tremendous amount of grief with the passing of my mother on November 12, 2021 and was overwhelmed with grief while battling illnesses at the same time[,] all around the time expert witness testimony would have been due. [My] doctor PCP Tolani Owuru [w]as out on maternity leave for many months and during the time of discovery deadlines for expert witness. I couldn't retain her as an expert [w]itness because of her absence. I didn't have enough time to obtain another expert by the time I was told she was out on [m]aternity leave[,] and I did try to find other experts . . . .

Dkt. 312 at 10.

Although Clark's personal difficulties are sympathetic, they do not excuse her failure to obtain expert testimony on general causation when she had several opportunities to do so—and was expressly urged by the Court at various junctures to do so—over many, many months of this litigation. As Judge Gorenstein chronicled in denying Clark an extension of the discovery deadline under Federal Rule of Civil Procedure 6(b):

> [Clark] was reminded about the February 16, 2022, expert disclosure deadline for plaintiff in early February (Docket # 266) and made no effort to extend it. Even the disclosure of defendants' own expert report (Docket # 267) did not prompt any action by plaintiff. Nor did the defendants' arguments regarding plaintiff's lack of an expert (made in the filings in early May 2022) prompt any action on plaintiff's part. Additionally, plaintiff was questioned about her failure to engage an expert at her deposition on January 20, 2022, and she informed the defendants that she had no intention of engaging an expert. Docket # 279-10 at 82-83. In the end, the statements in this letter (and the documents incorporated by reference) are conclusory and do not show "good cause" or "excusable neglect" under Fed. R. Civ. P. 6(b).

Dkt. 315.

Judge Gorenstein's analysis is persuasive. Clark has been afforded ample opportunity to procure a general causation expert, and as JLC points out in its response to Clark's objections, *see* Dkt. 323 at 6–7, Clark acknowledged in an email to defendants that she was aware that she needed to retain such an expert, Dkt. 303-2. Further, the record demonstrates that she contacted at least two experts, both of whom rejected her case, *see* Dkts. 313-7 (email from expert Wendy Carlson rejecting case), 313-9 (email from expert Kyle Steenland rejecting case). Such belies the contention that she was incapacitated, owing to various personal difficulties, to solicit potential experts.[4] Accordingly, the Court rejects Clark's bid to reopen and extend the expert discovery

---

[4] Although not necessary to this decision, the witness whom Clark says she would have called on the topic of general causation but for the doctor's being on maternity leave was her personal

9

deadline. And after *de novo* review of the Report and the follow-on order from Judge Gorenstein, the Court adopts Report's recommendation to decline to extend or reopen the period for Clark to secure expert discovery.[5]

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Gorenstein's September 14, 2022 Report and Recommendation in its entirety. Defendants' motions for summary judgment are granted, Clark's motion for summary judgment is denied, and Clark's claims are dismissed with prejudice.[6]

The Clerk of Court is respectfully directed to terminate all pending motions, to mail a copy of this order to plaintiff at her address of record, to dismiss all defendants and all pending claims, and to close this case.

---

physician. Such betrays a misunderstanding of the concept of general causation, which does not concern the circumstances of the individual plaintiff, but rather, the capacity of the toxic substance to cause a class of injury. Clark does not proffer that that primary care physician, Tolani Owuru, was qualified to opine as an expert on that subject.

[5] To the extent that Clark's objections at Docket 316 can be construed to seek reconsideration of Judge Gorenstein's order at Docket 315, *see* Dkt. 317 (letter to Judge Engelmayer seeming to so request), the Court denies that motion. Another attempt to amend the complaint would be futile. *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) ("Leave to amend may be denied if the proposed amendment would be futile."). Clark's stated reason for not securing an expert opinion on general causation does not justify reopening expert discovery at this late date.

[6] Clark has not served defendant Rockmills. The general policy of the Second Circuit is to disapprove the dismissal of *pro se* petitions "before service and appearance." *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987). But this is not an instance where Clark should be afforded wide deference with respect to Federal Rule of Civil Procedure 4(m), which imposes a 90-day deadline for service. As noted by Judge Gorenstein, *see* Report at 16 n.6, on January 15, 2021—nearly two years ago—the Court warned Clark that "the time to serve Rockmills Steel Products Corp. under Fed. R. Civ. P. 4(m) had long since expired and invited any party seeking to extend the time for service to make an application to do so," *id*. Clark did not thereafter so apply, or raise any issue with the Court thereafter with respect to service upon Rockmills. With nearly two years having passed and with Clark not having objected to this recommendation, the Court adopts the Report's recommendation to dismiss all claims as against all defendants, including Rockmills.

SO ORDERED.

                                                  Paul A. Engelmayer
                                                  United States District Judge

Dated: December 28, 2022
       New York, New York